UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   25 CR 321 |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| MAHMOOD SAMI KHAN, | ) | |
|   aka "SAMI," and | ) | |
| SUHAIB AHMAD CHAUDHRY | ) | |

### GOVERNMENT'S MOTION TO CONTINUE TRIAL DATE

The United States of America, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, respectfully moves this Court for a continuance of the July 9, 2026 trial date. In support of this motion, the government states as follows:

1.    On June 12, 2025, the Special June 2024 Grand Jury issued an indictment against defendants Anosh Ahmed, Mohamed Sirajudeen, Mahmood Sami Khan, and Suhaib Ahmad Chaudhry. R. 1.

2.    On October 7, 2025, this Court scheduled the trial against Khan and Chaudhry for July 9, 2026. R. 58.

3.    On May 26, 2026, Khan filed a Motion to Dismiss the indictment. R. 100. Chaudhry has moved to adopt that motion. R. 101. The Motion to Dismiss is premised on alleged misconduct by AUSA A before the grand jury that indicted this case.[1] The

---

[1] Khan refers to this AUSA as "AUSA A" in his Motion to Dismiss the indictment. R. 100. The government will use the same designation in this motion.

1

motion makes baseless claims that the government delayed disclosures to them and concealed misconduct in this case. The opposite is true. The government has acted proactively and expeditiously in disclosing to the defendants the grand jury issue and in providing them with the grand jury transcripts for their review. The need to pursue curative measures due to grand jury-related issues, combined with the need to respond to the serious issues raised in the Motion to Dismiss, have altered the forward progression of this case. The government respectfully requests a continuance of the July 9, 2026 trial date in order to allow time for addressing these events and for preparing for trial at the same time. Khan and Chaudhry object to this continuance request. A description of the events giving rise to the Motion to Dismiss is set forth below.

4.      The indictment in this case was issued by the Special June 2024 Grand Jury. Two AUSAs, AUSA A and AUSA Kelly Guzman, and a DOJ Trial Attorney, made appearances before that grand jury in connection with this case. On or about February 20, 2026, AUSA A began a work detail outside the United States Attorney's Office for the Northern District of Illinois. On April 3, 2026, AUSA Diane MacArthur filed an appearance in this case. R. 84.

5.      Between on or about April 29, 2026 and on or about May 1, 2026, AUSAs Guzman and MacArthur separately received from a member of the United States Attorney's Office a portion of a grand jury transcript from *United States v. Rabbit, et al.*, No. 25 CR 693 (referred to herein as the "Broadview 6" case). The portion reflected what has been referred to in the Broadview 6 case as the "vouching" incident.

6.     The Special June 2024 Grand Jury, the same grand jury involved with the instant case, issued the indictment in the Broadview 6 case on October 23, 2025. AUSA A was the prosecutor involved in the vouching incident before the grand jury in the Broadview 6 case. Neither AUSA Guzman nor AUSA MacArthur were involved in the Broadview 6 grand jury proceedings or any other aspect of the Broadview 6 case.

7.     On April 29, 2026, on or about the day on which AUSA Guzman received the portion of the Broadview 6 transcript that included the vouching incident, AUSA Guzman requested information from the Grand Jury Coordinator in the United States Attorney's Office about ordering transcripts, including the colloquy, or "minutes," for the grand jury appearances in the instant case. The colloquies reflect comments made by AUSAs to the grand jury before and after a witness is in the grand jury room. The colloquies in the instant case had not been transcribed up to that point in time and, as it turned out, the United States Attorney's Office had not received as of that date the entire transcript, including the colloquy and the witness portion, for the grand jury session on June 12, 2025 when the grand jury issued the indictment in this case. AUSA Guzman made this proactive request in order to examine the full extent of AUSA A's statements to the grand jury in colloquies throughout the investigation.

8.     Khan cites examples in Exhibit B to his Motion to Dismiss of what he claims are improper statements by AUSA A to the grand jury during eight of the 14 sessions in this case. AUSA Guzman was present for two sessions with AUSA A—the

3

first appearance and the last appearance before the grand jury before the indictment was issued. The DOJ Trial Attorney was also present during the last session. The government disputes Khan's claim that AUSA A's statements, made during the two sessions in which AUSA Guzman was present with AUSA A, put AUSA Guzman on notice of misconduct by AUSA A before the grand jury. At the first indication that there could be any reason to investigate, that is, after she was shown the portion of the transcript in the Broadview 6 case, AUSA Guzman ordered transcripts of all colloquies.

9.     The court reporting service involved in each of the grand jury sessions in this case is no longer under contract with the United States Attorney's Office. After AUSA Guzman's initial contact with the Grand Jury Coordinator, AUSA MacArthur and the Grand Jury Coordinator communicated with a representative of the former court reporting service in order to obtain the transcripts and colloquies. The Grand Jury Coordinator first reached out to the representative on or about April 30, 2025. The representative, in turn, reached out to the five court reporters who were involved in the grand jury proceedings to obtain the full transcripts.

10.     Between May 7, 2026 and May 15, 2026, AUSA MacArthur communicated with the representative in an effort to obtain all of the transcripts. One of the court reporters, the one present during the June 12, 2025 session, was on vacation during a portion of this time, On or about May 15, 2026, AUSA MacArthur received the last of the requested transcripts.

11. AUSA MacArthur was out of the office between May 18, 2026 and May 20, 2026.

12. On Thursday, May 21, 2026, just six days after receiving the last of the transcripts, and before an 11:00 am scheduled court proceeding in the Broadview 6 case, AUSAs Guzman and MacArthur received authorization to produce the full transcripts of the grand jury proceedings in this case to all counsel with appearances on file in this case and to inform counsel that the government planned to re-present the instant case to a different grand jury.

13. During the evening of May 21, 2026, AUSA MacArthur sent an email to counsel in this case requesting a Teams meeting the next morning.

14. The Teams meeting took place on Friday, May 22, 2026 at approximately 10:00 am. AUSAs Guzman and MacArthur informed counsel about the presence of AUSA A before the Special June 2024 Grand Jury in both the Broadview 6 case and the instant case and of the government's intention to re-present the case for indictment. The government requested that counsel consider at that time their positions on a government request to the Court to continue the trial date. AUSAs Guzman and MacArthur told counsel that they would be given copies of all of the grand jury transcripts, including the colloquies, by early the following week.

15. On Friday, May 22, 2026, at approximately 10:32 am, Khan's counsel requested production of the "problematic portions" of the grand jury transcripts "right now." The government produced the full unredacted transcripts, including the colloquies, to all counsel on the Teams call by the end of that day. The government

5

continued to respond to requests from Khan's counsel for documents over the holiday weekend between May 22, 2025 and May 26, 2025.[2]

16. The grand jury-related events described above took place between approximately April 29, 2026 to May 21, 2026, and spanned only a short three-week period. There was no delay or concealment. The government acted as expeditiously as possible to obtain and review statements made by AUSA A before the grand jury in this case and to make informed decisions about appropriate next steps.

17. The government received on Tuesday, May 26, 2026, through the PACER filing, Khan's Motion to Dismiss.

18. The government is requesting a continuance of the July 9, 2026 trial date in order to address the multiple issues raised in the Motion to Dismiss, and based on events that, for AUSA Guzman and MacArthur, have only become known in the past three weeks, and to seek the curative measure of re-presenting an indictment to a different grand jury against some or all of the defendants in this case.

19. Dismissal of the indictment is a drastic remedy and one imposed when other appropriate remedies are impractical. The re-presentment of the case to a different grand jury is one such practical and appropriate remedy for any earlier taint before the original indicting grand jury. The government requests a continuance of the trial date in order to pursue this appropriate remedy in this case.

20. On May 27, 2026, the Court issued an order reflecting that the Court will address the Motion to Dismiss on June 10, 2026—the date set for the Pretrial

---

[2] On May 22, 2026, in the late afternoon, the undersigned attorney filed an appearance in the Broadview 6 case. The undersigned attorney's involvement in the Broadview 6 case began that day.

Conference in this case. R. 102. The government also requests a continuance of the July 9, 2026 trial date in order to allow it adequate time to respond to the Motion to Dismiss, after the June 10, 2026 appearance, should a briefing schedule be set at that time, while, at the same time, re-presenting the indictment and continuing its trial preparations.

21.     The trial in this case will involve more than 30 separate civilian witnesses, and preparation will require litigating the parties' various motions *in limine*, which the government expects will be extensive.

22.     The government recognizes that Khan and Chaudhry objected to government's first and only other request for a trial continuance, which request was made in order to have a single trial that included defendant Ahmed. R. 80. Counsel for Khan and Chaudhry also object to the instant request for a continuance. But the government's request for a continuance of limited length now is reasonably sought, in the interest of justice, to allow the time needed to fully and fairly respond to defendants' Motion to Dismiss, and to seek to cure any deficiencies in the grand jury proceedings and eliminate any consequent prejudice to defendants. Defendants' objection to the government's request for a continuance effectively seeks to prevent the government from rectifying the very grand jury defects they claim to have caused them prejudice.

23.     Contrary to the baseless claims made by Khan in the Motion to Dismiss, the government neither concealed nor delayed disclosure of the statements made by AUSA A before the grand jury in this case. Instead, upon learning of potential issues

with respect to the grand jury proceedings, the government acted expeditiously, in recognition of the trial date and the defendants' right to a speedy trial. The government's request for a continuance at this time is not made for the purposes of delay, but rather, only to allow the additional time needed for the government to fully and fairly litigate Khan's claims, and to take appropriate steps to cure any defects in the grand jury proceedings by re-presenting an indictment to a different grand jury.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:        s/ Diane MacArthur
DIANE MacARTHUR
KELLY GUZMAN
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300